UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVIN A. MARTIN,

              Plaintiff,

    v.

STEPHEN SINCLAIR, et al.,

              Defendant.

CASE NO. 3:17-cv-05591-BHS-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff Devin A. Martin asks the Court to appoint him counsel for his current action. However, he has not demonstrated any exceptional circumstances that require this court to assign him an attorney. Therefore, the Court denies plaintiff's motion (Dkt. 7) without prejudice. He may refile his motion at a later date if he can demonstrate exceptional circumstances.

## DISCUSSION

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has not demonstrated any exceptional circumstances warranting appointment of counsel at this time. The complaint was served on defendants on September 5, 2017. Dkt. 6. The Court has not yet received an answer from defendants and the deadline for filing an answer has not yet passed. Because the case is still in its early stages, the Court cannot yet determine the likelihood of plaintiff's success. Further, plaintiff has submitted a comprehensive complaint. Dkt. 5. His central argument that defendants acted with deliberate indifference towards his serious medical needs is not exceedingly complex. Further, he has effectively articulated his claims without the assistance of counsel. Therefore, the Court finds that there are not currently any exceptional circumstances requiring the appointment of counsel in this case.

## CONCLUSION

For the reasons stated, the Court denies plaintiff's motion for appointment of counsel (Dkt. 7) without prejudice. Plaintiff may refile his motion at a later date if he is able to articulate the exceptional circumstances that warrant appointment of counsel.

Dated this 2nd day of November, 2017.

J. Richard Creatura
United States Magistrate Judge